IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SEATTLE BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PATSY G. HILL, GWEN CAROL LAGROW a/k/a GWEN CAROL HILL, AND BENJAMIN HILL, | § § § | Civil Action No. 3:23-cv-98 |
| | § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Seattle Bank ("Plaintiff"), and files this its *Original Complaint* against Patsy G. Hill, Gwen Carol Lagrow aka Gwen Carol Hill, and Benjamin Hill ("Defendant" or "Borrower"), and would respectfully show the Court as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Seattle Bank is a foreign corporation. For diversity purposes, the citizenship of a corporation is determined by the state of incorporation and the state in which its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). Seattle Bank is incorporated in Washington and retains its principal place of business in Washington. Therefore, Seattle Bank is a citizen of Washington for diversity purposes.

2. Decedent Fondly Joel Hill ("Decedent") was an obligor under the subject loan agreement. Decedent passed away on April 2, 2020. Upon information and belief, no probate was ever opened for Decedent's estate in the county where the subject property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of Decedent's estate.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's respective estates, including an undivided interest in the subject real property, immediately upon Decedent's death. Each Heir is made a party in this proceeding.

4. Defendant Patsy G. Hill is a citizen of Texas, an obligor under the Loan Agreement and the surviving spouse of Decedent. She may be served with process at 9833 Pickerel Drive, El Paso, TX 79924-4939, or at such other place as she may be found. Summons is requested.

5. Defendant Gwen Carol Lagrow aka Gwen Carol Hill is a citizen of Colorado, an heir and daughter of Decedent. She may be served with process at 4443 Bryant Street, Denver, Colorado 80211, or such other place as she may be found. Summons is requested.

6. Defendant Benjamin Hill is a citizen of South Dakota, an heir and grandson of Decedent. He may be served with process at 978 Bennington Drive, Box Elder, South Dakota 57719, or such other place as he may be found. Summons is requested.

7. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

8. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to

foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The El Paso County Appraisal District values the Property at $157,245.00.

9. Venue is proper in this district and division, the United States District Court for the Western District of Texas, El Paso Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## II. SUMMARY OF FACTS

10. On or about September 25, 2006, Defendant Patsy G. Hill and Decedent ("Borrowers") executed that certain *Adjustable-Rate Note (Home Equity Conversion)* (the "Note") in the original principal amount of $156,000.00 originally payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B, and bearing interest at the rate of 6.5200% per annum. A true and correct copy of the Note is attached hereto as <u>Exhibit A.</u>

11. Concurrently with the Note, Borrowers executed that certain *Adjustable-Rate Home Equity Conversion Deed of Trust* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., its successors and assigns, a security interest in certain real property and improvements located in El Paso County, Texas, commonly known as 8305 Solar Place, El Paso, TX 79904, and more particularly described as:

> LOT 236, BLOCK 14, PARK FOOTHILLS ADDITION, THIRD SECTION, AN ADDITION TO THE CITY OF EL PASO, EL PASO COUNTY, TEXAS, ACCORDING TO THE PLAT NOW ON FILE IN VOLUME 12, PAGE 30, PLAT RECORDS OF EL PASO COUNTY, TEXAS.

(the "Property"). The Security Instrument was recorded in the Real Property Records for El Paso County, Texas, under Document No. 20060096555. A true and correct copy of the Security Instrument is attached hereto as Exhibit B.

12. The Loan Agreement was subsequently transferred and assigned by Financial Freedom Senior Funding Corporation to Mortgage Electronic Registration Systems, Inc. ("MERS") as per the Corporate Assignment of Deed of Trust dated September 25, 2009, and recorded in the Real Property Records for El Paso County, Texas under Document No. 20090071746. A true and correct copy of the Corporate Assignment of Deed of Trust is attached hereto as Exhibit C.

13. MERS then transferred and assigned the Loan Agreement to Seattle Bank as per the Assignment of Deed of Trust dated December 23, 2020, and recorded in the Real Property Records of El Paso County, Texas under Instrument 202100001751. A true and correct copy of the Assignment of Deed of Trust is attached hereto as Exhibit D.

14. Plaintiff is the current legal owner and holder of the endorsed in blank Note, last assignee per a chain of assignments into Plaintiff's name, and the mortgagee, as that term is defined in section 51.0001(4) of the Texas Property Code.

15. Under the terms of the Loan Agreement, the Borrowers are required to occupy the Property. (Exhibit B, ¶4.)The Loan Agreement further provides that should the Borrower fail to occupy the Property; the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement. (Exhibit B, ¶9(b)). Prior to proceed, the lender must notify and receive approval from the U.S. Secretary of Housing and Urban Development ("HUD") in accordance with the provisions set in the Loan Agreement. (See Id.)

16.     Borrowers have failed to occupy the Property as required by the terms of the Loan Agreement. On September 8, 2021, Seattle Bank obtained approval from Novad Management Consulting, the servicer for HUD, to accelerate the debt. A true and correct copy of the approval is attached as <u>Exhibit E.</u>

17.     On February 11, 2022, a *Home Equity Conversion Mortgage Due & Payable Notification* ("Notice of Default") was sent to Borrowers in accordance with section 51.002(d) of the Texas Property Code. The Notice of Default advised Borrowers that failure to occupy the Property as their principal residence constituted default under the Loan Agreement and if the default was not cured and the Loan Agreement was not reinstated within 30 calendar days from the Notice of Default, Plaintiff would commence with foreclosure against the Property. A true and correct copy of the Notice of Default is attached hereto as <u>Exhibit F.</u>

18.     The default was not cured. On September 25, 2020, a *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") was sent to Borrowers and Decedent's estate at the Property's address and their last known address. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as <u>Exhibit G.</u>

19.     On or about April 2, 2020, Decedent passed away. Upon information and belief, no probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, Defendants, his heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Plaintiff.

20.     In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### III. CAUSE OF ACTION – DECLARATORY JUDGMENT

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

23. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Borrowers' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against the Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Borrowers.

### IV. ENFORCEMENT OF STATUTORY PROBATE LIEN

24. The foregoing paragraphs are incorporated by reference for all purposes.

25. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

   a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

   *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

   b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

26. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## V. CAUSE OF ACTION – NON-JUDICIAL FORECLOSURE

27. The foregoing paragraphs are incorporated by reference for all purposes.

28. Plaintiff asserts a cause of action for non-judicial foreclosure against Defendants. Plaintiff has fully performed its obligations under the Loan Agreement, however, the Borrowers have failed to occupy the Property, which constitutes an event of default.

29. The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default of the Loan Agreement. Accordingly, Plaintiff seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

30. Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable

attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement. Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Defendants, personally.

31. All conditions precedent have been performed or have occurred.

## VI.   JUDICIAL FORECLOSURE

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. In the alternative, for failure to cure the default of the Loan, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

34. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of El Paso County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing, that Defendant be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument and that Plaintiff is a mortgagee as that term is defined under Texas Property Code § 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

    c. Attorney fees and costs of suit; *and*

    d. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **VIVIAN N. LOPEZ**
    Texas Bar No. 24129029
    vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**