IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SEATTLE BANK, § § § Plaintiff, § § v. § § PATSY G. HILL, GWEN CAROL § LAGROW a/k/a GWEN CAROL HILL, § and BENJAMIN HILL, § § Defendants. § | Civil Action No. 3:23-cv-00098-KC |

**MOTION FOR PARTIAL DEFAULT JUDGMENT AGAINST DEFENDANTS
GWEN CAROL LAGROW AKA GWEN CAROL HILL AND BENJAMIN HILL**

Plaintiff Seattle Bank ("Plaintiff") files this, its *Motion for Partial Default Judgment against Defendants Gwen Carol LaGrow a/k/a Gwen Carol Hill and Benjamin Hill*, and respectfully shows as follows:

**I.   BACKGROUND**

1.   Plaintiff filed its *Original Complaint* ("Complaint") against Defendants Patsy G. Hill, Gwen Carol LaGrow a/k/a Gwen Carol Hill and Benjamin Hill on March 6, 2023. (ECF Docket No. 1).

2.   Defendant Gwen Carol LaGrow a/k/a Gwen Carol Hill was served on March 13, 2023, via personal service at 4443 Bryant Street, Denver, Colorado 80211. (ECF Document No. 5.) Her answer or response to the Original Complaint was due on or before April 3, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

3. Defendant Benjamin Hill was served on March 10, 2023, via personal service at 978 Bennington Drive, Box Elder, South Dakota 57719 (ECF Document No. 6.) His answer or response to the Original Complaint was due on or before March 31, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

4. Defendants Gwen Carol LaGrow a/k/a Gwen Carol Hill and Benjamin Hill ("Defendants") have not answered or otherwise appeared in this action. The court clerk may enter default against a party who has not filed a responsive pleading or otherwise defended a suit. FED. R. CIV. P. 55(A); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

5. Plaintiff has requested that the Clerk of this Court enter default against Defendants because they did not file a responsive pleading within 21 days after service of the Original Complaint. See FED. R. CIV. P. 12(a)(1)(A)(i). Defendants have not otherwise attempted to defend themselves against the Original Complaint. See FED. R. CIV. P. 55.

6. Defendants are not in active-duty military status. *See* Exhibit A-1.

7. Plaintiff is entitled to an entry of default as to Defendants because they did not answer or otherwise defend the Original Complaint.

8. Plaintiff now asks the Court to render default judgment against Defendants.

## II.   LEGAL STANDARD

9. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973).

### III.   ARGUMENT AND AUTHORITIES

10. The Court should render a default judgment against Defendants because they did not file a responsive pleading or otherwise defend the claims against them. Such default constitutes an admission by Defendants on all allegations in the Original Complaint. The facts asserted in the Original Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the Original Complaint, Defendants have admitted the well-pleaded factual allegations therein and are "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

11. With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

12. Plaintiff does not seek monetary damages against Defendants, but instead seeks declaratory judgment that Plaintiff as the owner and holder of the Note, and beneficiary of the Security Instrument, it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 8305 Solar Place, El Paso, TX 79904, and more particularly described as:

LOT 236, BLOCK 14, PARK FOOTHILLS ADDITION, THIRD SECTION, AN ADDITION TO THE CITY OF EL PASO, EL PASO COUNTY, TEXAS, ACCORDING TO THE PLAT NOW ON FILE IN VOLUME 12, PAGE 30, PLAT RECORDS OF EL PASO COUNTY, TEXAS.

(The "Property"). Therefore, no hearing is necessary to establish Plaintiff's damages.

13. In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

14. The Complaint alleges that on or about September 25, 2006, Defendant Patsy G. Hill and Decedent Fondly Joel Hill ("Borrowers") executed that certain *Adjustable-Rate Note (Home Equity Conversion)* (the "Note") in the original principal amount of $156,000.00 originally payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B, and bearing interest at the rate of 6.5200% per annum. [*See* ECF Docket No. 1 at ¶ 10].

15. Concurrently with the execution of the Note, Borrowers executed an *Adjustable-Rate Home Equity Conversion Deed of Trust* (the "Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Plaintiff, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Real Property Records for El Paso County, Texas, under Document No. 20060096555 [*See* ECF Docket No. 1 at ¶ 11]. Plaintiff further alleges that it is the current holder of the blank endorsed Note with standing to enforce the terms of the Security Instrument. [*See* ECF Docket No. 1 at ¶ 14].

16. Decedent passed away on April 2, 2020 [See ECF Docket No. 1 at ¶ 19.] Upon information and belief, no probate was ever opened for him. In accordance with Texas Estates Code

§§ 101.001(b) and 101.051, Defendants Patsy G. Hill, Gwen Carol Lagrow aka Gwen Carol Hill, and Benjamin Hill, as heirs, acquired an interest in the Property immediately upon his death, subject to the Loan Agreement debt owed to Plaintiff. [*See* ECF Docket No. 1 at ¶ 19].

17. The Loan Agreement is in default because Borrowers have failed to occupy the Property as required by the Loan Agreement [*See* ECF Docket No. 1 at ¶ 16]. On September 8, 2021, Seattle Bank obtained approval from Novad Management Consulting, the servicer for HUD, to accelerate the debt. (*Id.*)

18. A *Home Equity Conversion Mortgage Due & Payable Notification* ("Notice of Default") was provided in accordance with section 51.002(d) of the Texas Property Code, but the default was not cured. [*See* ECF Docket No. 1 at ¶¶ 17,18]. As a result, the maturity of the debt was accelerated on March 15, 2022 [*See* ECF Docket No. 1 at Exhibit G]. Therefore, the Original Complaint conclusively establishes each of the necessary elements of Plaintiff's non-judicial foreclosure claim.

19. Plaintiff requested reasonable and necessary attorney's fees against Defendants based on Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by the Borrowers. Plaintiff is entitled to attorney's fees under Chapter 37 because it seeks a declaratory judgment concerning its authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees to be determined by subsequent motion practice. Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendants, but as a further obligation owed by the Borrowers under the subject Note and Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter default judgment against Defendants Gwen Carol LaGrow a/k/a Gwen Carol Hill and Benjamin Hill on all claims asserted against them in Plaintiff's Original Complaint, and award Plaintiff the following relief:

a. Judgment against Defendants for court costs;

b. Judgment against Defendants for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

c. Judgment declaring that Plaintiff is the owner and holder of the Note with standing to enforce the Security Instrument;

d. Judgment against Defendants declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

e. Judgment against Defendants declaring that Plaintiff, its successors and assigns, may proceed with non-judicial foreclosure of the Property pursuant to the Security Instrument and the Texas Property Code; and

f. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: _/s/ Vivian N. Lopez_
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
Texas Bar No. 24129029
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 13, 2023, a copy of the above and foregoing document was served on the following Defendants in the manner described below:

**Via CMRRR#9314 7699 0430 0108 9111 37 and U.S. Mail:**
Gwen Carol LaGrow a/k/a Gwen Carol Hill
4443 Bryant Street
Denver, Colorado 80211

**Via CMRRR#9314 7699 0430 0108 9111 75 and U.S. Mail:**
Benjamin Hill
978 Bennington Drive
Box Elder, South Dakota 57719

*/s/ Vivian N. Lopez*
**VIVIAN N. LOPEZ**