IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SEATTLE BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-00098-KC |
| | § | |
| PATSY G. HILL, GWEN CAROL | § | |
| LAGROW a/k/a GWEN CAROL HILL, | § | |
| and BENJAMIN HILL, | § | |
| | § | |
| Defendants. | § | |

**MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PATSY G. HILL**

Plaintiff Seattle Bank ("Plaintiff") files this, its *Motion for Default Judgment against Defendant Patsy G. Hill*, and respectfully shows as follows:

**I.   BACKGROUND**

1.   Plaintiff filed its *Original Complaint* ("Complaint") against Defendant Patsy G. Hill ("Defendant") on March 6, 2023. (ECF Docket No. 1).

2.   On June 13, 2023, the Court entered an Order allowing service by publication on Defendant. (ECF Docket No. 11.) On June 14, 2023, the clerk issued the summons to serve Defendant by publication. (ECF Docket No. 12.)

3.   The summons and the brief statement as to the nature of the suit was published in the newspaper El Paso, Inc., for four consecutive weeks during June 25, 2023, July 2, 2023, July 9, 2023, and July 16, 2023. As stated in the published summons, Defendant's answer was due on July 31, 2023, the first Monday following forty-two (42) days from the issuance of the summons. *See* Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 114. The Publisher's Affidavit was filed on July 25, 2023,

as proof of service and it established that service was proper pursuant to Rule 4 of the Federal Rules of Civil Procedure and Rule 109 of the Texas Rules of Civil Procedure. (ECF Docket No. 14.)

4. Defendant has not answered or otherwise appeared in this action.

5. On July 14, 2023, Plaintiff requested the Clerk of this Court to enter default against Defendant. (ECF Docket No. 19.)

6. On August 15, 2023, the Clerk of the Court entered default against Defendant. (ECF Docket No. 20.)

7. Defendant is not in active-duty military status. *See* Exhibit A-1.

8. Plaintiff now asks the Court to render default judgment against Defendant.

## II.   LEGAL STANDARD

9. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973).

## III.   ARGUMENT AND AUTHORITIES

10. The Court should render a default judgment against Defendant because although properly served she did not file a responsive pleading or otherwise defend the claims against her. Such default constitutes an admission by Defendant to all allegations in the Original Complaint. The facts asserted in the Original Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the Original Complaint, Defendant has admitted the well-

pleaded factual allegations therein and are "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

11.  With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

12.  Plaintiff does not seek monetary damages against Defendant, but instead seeks declaratory judgment that Plaintiff as the owner and holder of the Note, and beneficiary of the Security Instrument, it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 8305 Solar Place, El Paso, TX 79904, and more particularly described as:

> LOT 236, BLOCK 14, PARK FOOTHILLS ADDITION, THIRD SECTION, AN ADDITION TO THE CITY OF EL PASO, EL PASO COUNTY, TEXAS, ACCORDING TO THE PLAT NOW ON FILE IN VOLUME 12, PAGE 30, PLAT RECORDS OF EL PASO COUNTY, TEXAS.

(The "Property"). Therefore, no hearing is necessary to establish Plaintiff's damages.

13.  In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist.

LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

14. The Complaint alleges that on or about September 25, 2006, Defendant and Decedent Fondly Joel Hill ("Borrowers") executed that certain *Adjustable-Rate Note (Home Equity Conversion)* (the "Note") in the original principal amount of $156,000.00 originally payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B, and bearing interest at the rate of 6.5200% per annum. [*See* ECF Docket No. 1 at ¶ 10].

15. Concurrently with the execution of the Note, Borrowers executed an *Adjustable-Rate Home Equity Conversion Deed of Trust* (the "Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Plaintiff, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Real Property Records for El Paso County, Texas, under Document No. 20060096555 [*See* ECF Docket No. 1 at ¶ 11]. Plaintiff further alleges that it is the current holder of the blank endorsed Note with standing to enforce the terms of the Security Instrument. [*See* ECF Docket No. 1 at ¶ 14].

16. Decedent passed away on April 2, 2020 [See ECF Docket No. 1 at ¶ 19.] Upon information and belief, no probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, Defendant Patsy G. Hill, as heir, acquired an interest in the Property immediately upon his death, subject to the Loan Agreement debt owed to Plaintiff. [*See* ECF Docket No. 1 at ¶ 19]

17. The Loan Agreement is in default because Borrowers have failed to occupy the Property as required by the Loan Agreement [*See* ECF Docket No. 1 at ¶ 16]. On September 8, 2021, Seattle Bank obtained approval from Novad Management Consulting, the servicer for HUD, to accelerate the debt. (*Id.*)

18. A *Home Equity Conversion Mortgage Due & Payable Notification* ("Notice of Default") was provided in accordance with section 51.002(d) of the Texas Property Code, but the default was not cured. [*See* ECF Docket No. 1 at ¶¶ 17,18]. As a result, the maturity of the debt was accelerated on March 15, 2022 [*See* ECF Docket No. 1 at Exhibit G]. Therefore, the Original Complaint conclusively establishes each of the necessary elements of Plaintiff's non-judicial foreclosure claim.

19. Plaintiff requested reasonable and necessary attorney's fees against Defendant based on Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by the Borrowers. (ECF Docket No. 1, Exhibit A at ¶7 (C) and Exhibit B at ¶5.) Plaintiff is entitled to attorney's fees under Chapter 37 because it seeks a declaratory judgment concerning its authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendants, but as a further obligation owed by the Borrowers under the subject Note and Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter default judgment against Defendant Patsy G. Hill on all claims asserted against her in Plaintiff's Original Complaint, and award Plaintiff the following relief:

a. Judgment against Defendant for court costs;

b. Judgment against Defendant for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

c. Judgment declaring that Plaintiff is the owner and holder of the Note with standing to enforce the Security Instrument;

d. Judgment against Defendant declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

e. Judgment against Defendant declaring that Plaintiff, its successors and assigns, may proceed with non-judicial foreclosure of the Property pursuant to the Security Instrument and the Texas Property Code; and

f. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/ Vivian N. Lopez*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
Texas Bar No. 24129029
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**