**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **SEATTLE BANK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-23-CV-98-KC** |
| | § | |
| **PATSY G. HILL, GWEN CAROL** | § | |
| **LAGROW, and BENJAMIN HILL,** | § | |
| | § | |
| **Defendants.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Plaintiff's Motion for Default Judgment against

Defendants Gwen Carol Lagrow and Benjamin Hill ("1st Mot. Default J."), ECF No. 10, and

Plaintiff's Motion for Default Judgment against Defendant Patsy G. Hill ("2d Mot. Default J."),

ECF No. 21.  For the reasons set forth below, both Motions are **GRANTED**.

## I.     BACKGROUND

In 2006, Defendant Patsy Hill and her husband executed a note (the "Note") and a deed

of trust (the "Security Instrument") (collectively, the Note and Security Instrument are referred to

as the "Loan Agreement") on a property located at 8305 Solar Place, El Paso, Texas 79904 (the

"Property").[1]  Compl. ¶¶ 4, 10–11, ECF No. 1.  In April 2020, Patsy Hill's husband died, leaving

as his heirs the three Defendants in this case:  his wife Patsy Hill, his daughter Gwen Carol

Lagrow, and his grandson Benjamin Hill.  *Id.* ¶¶ 2–6.  Because no probate was opened for him,

Defendants acquired his interest in the Property, subject to the debt under the Loan Agreement.

*Id.* ¶ 19; *see also Wilmington Tr., Nat'l Ass'n v. Martinez*, No. 5:20-CV-254-H-BQ, 2020 WL

---

[1] The exact description of the Property is "Lot 236, Block 14, Park Foothills addition, third section, an addition to the city of El Paso, El Paso County, Texas, according to the plat now on file in volume 12, page 30, plat records of El Paso County, Texas."  Compl. ¶ 11, ECF No. 1.

8614082, at *1 (N.D. Tex. Dec. 23, 2020), *R&R adopted*, No. 5:20-CV-254-H-BQ, 2021 WL 662126 (N.D. Tex. Feb. 19, 2021) (citing Tex. Est. Code §§ 101.001(b), 101.051).  In December 2020, the Loan Agreement was transferred and assigned to Plaintiff, having been transferred and assigned once before.  Compl. ¶¶ 12–14.

Under the Loan Agreement, Patsy Hill must occupy the Property as her principal residence.  *Id.* ¶ 15; Compl. Ex. B ("Security Instrument") ¶ 4, ECF No. 1-1.  Yet she failed to do so.  Compl. ¶ 16.  Plaintiff notified her that her failure to occupy the Property constituted default under the Loan Agreement, and that if she did not cure the default within thirty days, it would commence foreclosure proceedings against the Property.  *Id.* ¶ 17.  After Patsy Hill did not cure the default, Plaintiff notified her that it would accelerate the debt that she still owed under the Lease Agreement.  *Id.* ¶ 18.

On March 6, 2023, Plaintiff filed its Complaint.  It requested that the Court make several declarations regarding its status and rights under the Loan Agreement, and it sought to foreclose on the Property.  *See id.* ¶¶ 21–34.  On March 10, it personally served Benjamin Hill, and on March 13, it personally served Gwen Lagrow.  *See* Summonses Returned Executed, ECF Nos. 5–6.  In June and July, it served Patsy Hill by publication pursuant to Texas law.  *See* Summons in a Civil Action 2, ECF No. 12; Publisher's Aff. 2, ECF No. 14.  As of the date of this Order, none of the Defendants have answered or otherwise appeared in this matter.  On June 14, the Clerk entered default against Benjamin Hill and Gwen Lagrow.  Clerk's Entry of Default, ECF No. 13.  And on August 15, the Clerk entered default against Patsy Hill.  Clerk's Entry of Default, ECF No. 20.

## II.    STANDARD

The clerk of the court shall enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the clerk enters default, a party may move for a default judgment. *See* Fed. R. Civ. P. 55(b); *see also N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A court enters default judgment only if there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). In assessing whether the complaint contains a sufficient basis for a default judgment, the court applies the standard governing the sufficiency of a complaint under Federal Rule of Civil Procedure 8. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## III.    DISCUSSION

Plaintiff principally seeks four declaratory judgments regarding its ability to proceed with non-judicial foreclosure of the Property and its rights under the Loan Agreement.[2] *See* 1st Mot. Default J. 6; 2d Mot. Default J. 5–6.

### A.    Note and Security Instrument

Plaintiff requests a declaratory judgment that it is the "owner and holder of the Note with standing to enforce the Security Instrument." 1st Mot. Default J. 6; 2d Mot. Default J. 5. When

---

[2] Plaintiff includes additional requests in its Proposed Orders that do not appear in its Complaint or either of the Motions for Default Judgment. *See, e.g.*, Proposed Default J. Against Def. Patsy G. Hill 2 (requesting an order "that Plaintiff may further communicate with Defendant, and all third parties reasonably necessary to conduct the foreclosure sale"), ECF No. 21-2. Because these requests do not appear in the prayers for relief, nor anywhere else in the Motions for Default Judgment, it is unclear whether Plaintiff actually intends to seek them. *See generally* 1st Mot. Default J.; 2d Mot. Default J. To the extent Plaintiff seeks these additional forms of relief, Plaintiff provides no legal basis on which the Court could grant them, and the Court declines to do so.

such documents are transferred and assigned to an entity, that entity owns and holds the note, and may enforce any related security instruments. *Deutsche Bank National Tr. Co. v. Bench*, No. 3:20-CV-853-L, 2021 WL 3774227, at *1 (N.D. Tex. Feb. 1, 2021); *Martinez*, 2020 WL 8614082, at *4. And Plaintiff has alleged that the Loan Agreement was transferred and assigned to it in 2020 and that it is the current owner and holder of the Note. Compl. ¶¶ 13–14. It is thus entitled to a declaratory judgment that it owns and holds the Note and may enforce the Security Instrument. *See Bench*, 2021 WL 3774227, at *1.

B.    **Non-Judicial Foreclosure**

Plaintiff next requests a declaratory judgment that it, as well as "its successors and assigns," may proceed with non-judicial foreclosure on the Property. 1st Mot. Default J. 6; 2d Mot. Default J. 6. Under Texas law, when a borrower defaults, a lender "may sell the property via a non-judicial foreclosure . . . or it may . . . bring a judicial foreclosure action." *Ditech Fin., LLC v. Naumann*, 742 F. App'x 810, 814 (5th Cir. 2018) (citation omitted). "To foreclose . . . , the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [the borrowers] are in default under the note and security instrument; and (4) [the borrowers] received notice of default and acceleration." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing Tex. Prop. Code § 51.002), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

Because Plaintiff has alleged that it accelerated the debt owed under the Loan Agreement, the Court reasonably infers that a debt still exists for the Property. Compl. ¶ 18. Plaintiff has alleged that this debt is secured by the Security Instrument, which suffices to satisfy the second prong. *See* Compl. ¶¶ 10–11; *Wilmington Savings Fund Society, FSB v. Meyer*, No. EP-23-CV-00078-DCG, 2023 WL 5014785, at *7 (W.D. Tex. Aug. 7, 2023) (collecting cases). Plaintiff has

alleged that Patsy Hill failed to occupy the Property, which placed her in default, and that she failed to cure the default.  Compl. ¶¶ 16, 18.  And it has alleged that Patsy Hill was notified of the default and the loan's acceleration.  *Id.* ¶¶ 17–18.  Plaintiff is thus entitled to a declaration that it may proceed with a non-judicial foreclosure on the Property.  *See Huston*, 988 F. Supp. 2d at 740.

### C.    Balance on the Note, Interest, and Costs

Plaintiff also requests a declaration that the Security Instrument secures the outstanding balance on the Note, prejudgment interest, post-judgment interest, and court costs.  1st Mot. Default J. 6; 2d Mot. Default J. 6.  The Court has reviewed the Security Instrument, which, by its plain terms, secures the balance on the Note, together with interest and any other amounts established pursuant to "agreements under . . . the Note."  *See* Security Instrument 1–2.  And under the Note, costs must be paid in the event of foreclosure.  Compl. Ex. A ("Note") ¶ 7(C), ECF No. 1-1.

To be sure, "[u]nder Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.'"  *Ditech Fin.*, 742 F. App'x at 812.  And Plaintiff did not specifically request this declaratory judgment in its Complaint.  *See generally* Compl.  Yet a request for default judgment does not need to perfectly mirror the complaint; instead, the complaint must "suppl[y] meaningful notice of the kind and amount of relief [requested]."  *Ditech Fin.*, 742 F. App'x at 814.  Thus, if the complaint requests foreclosure, then the motion for default judgment may include what "foreclosure entails."  *See id.*

Here, Plaintiff requested in the Complaint that it be allowed to proceed with foreclosure on the Property.  Compl. ¶¶ 27–34.  And under the Loan Agreement, the balance on the Note,

interest, and costs are all secured in the event of foreclosure.  *See* Security Instrument 1–2, ¶ 9(b).  Thus, the Complaint's request for foreclosure entailed Plaintiff's request for a declaratory judgment, and Rule 54(c) does not bar Plaintiff's requested relief.  *See Ditech Fin.*, 742 F. App'x at 814.  *But see Deutsche Bank Nat'l Tr. Co. v. Welch*, No. 5-19-CV-590-FB-RBF, 2020 WL 4382134, at *2 (W.D. Tex. July 30, 2020) (denying a similar request for declaratory judgment because it was not included in the complaint).

In sum, Plaintiff is entitled to a declaratory judgment that the Security Instrument secures the outstanding balance on the Note, prejudgment interest, post-judgment interest, and court costs.

### D.    Attorneys' Fees

Plaintiff requests "attorneys' fees as a further obligation owed under the Note and Security Instrument."  1st Mot. Default J. 6; 2d Mot. Default J. 6.  This is distinct from a request for attorneys' fees incurred in this lawsuit.  *See* Compl. ¶ 30 (drawing this distinction); *Celtic Bank Corp. v. Image Plus Dental Design, LLC*, No. 3:12-CV-1110-L, 2013 WL 487075, at *4 (N.D. Tex. Feb. 8, 2013) (same).  The Court has examined the Note and finds that it allows Plaintiff to collect attorneys' fees in the event of foreclosure.  *See* Note ¶ 7(C).  The Court thus grants Plaintiff's request.

## IV.    CONCLUSION

For the reasons above, Plaintiff's First Motion for Default Judgment, ECF No. 10, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion for Default Judgment, ECF No. 21, is **GRANTED**.

**IT IS FURTHER ORDERED** that **DEFAULT JUDGMENT** is **ENTERED** in favor of Plaintiff Seattle Bank and against Defendants Gwen Carol Lagrow, Benjamin Hill, and Patsy G. Hill.

**IT IS FURTHER ORDERED** that Plaintiff shall have a declaratory judgment against Defendants that Plaintiff is the owner and holder of the Note, with standing to enforce the Security Instrument.

**IT IS FURTHER ORDERED** that Plaintiff, as well as its successors and assigns, shall have a declaratory judgment against Defendants that Plaintiff may proceed with non-judicial foreclosure of the Property.

**IT IS FURTHER ORDERED** that Plaintiff shall have a declaratory judgment against Defendants that the Security Instrument secures the outstanding balance of the Note, prejudgment interest, post-judgment interest, and court costs.

**IT IS FURTHER ORDERED** that Plaintiff shall have a declaratory judgment against Defendants that Plaintiff is entitled to its reasonable attorneys' fees as a further obligation under the Note and Security Instrument.

The Clerk shall close the case.

**SO ORDERED.**

**SIGNED this 18th day of August, 2023.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

7